IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 09-22497-CV-KING

RAMON DE LA CABADA,

    Plaintiff,

vs.

BANK OF AMERICA CORPORATION,

    Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

THIS CAUSE comes before the Court upon Defendant Bank of America's Motion for Summary Judgment (DE #36), filed December 13, 2010.[1] Therein, the Defendant claims that summary judgment is appropriate on its own behalf for the following reasons: 1) it is not the correct defendant; 2) the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") is inapplicable to the Defendant; 3) the predicate claim upon which Plaintiff relies is improper; and 4) the Court may lack subject-matter jurisdiction. After careful consideration of the pleadings and arguments raised by the parties, the Court finds that Defendant's Motion for Summary Judgment must be granted.

    I. Background

The operative Complaint before the Court is the First Amended Complaint (DE #18), which Plaintiff filed with this Court on December 18, 2009. It is a one-count Complaint, which seeks recovery for violations of FDUTPA. At that time, Plaintiff alleged that this Court's

---

[1] Plaintiff filed a Response (DE #37) on January 5, 2011, to which Defendant filed its own Reply (DE #38) on January 18, 2011. The underlying motion is therefore ripe for determination.

jurisdiction was appropriate under Fed. R. Civ. P. 18(a). Defendant moved to dismiss the First Amended Complaint as time-barred and insufficient as a matter of law. (DE #19). The Court denied (DE #20) Defendant's Motion to Dismiss. Defendant then answered (DE #21) on February 16, 2010. After conducting discovery throughout 2010, Defendant now move for summary judgment (DE #36).

In a nutshell, Plaintiff's case relies upon an allegation of successor liability as to Defendant. Plaintiff obtained a mortgage loan from Countrywide Home Loans, Inc. on April 27, 2006.[2] The purpose of the mortgage loan was to obtain funds to purchase an investment located in Orlando, Florida, referred to here as "Devonbriar."[3] Plaintiff alleges in his First Amended Complaint that he was not timely provided with certain loan documents subsequent to the transaction and that certain information was not properly disclosed or was otherwise misrepresented to him.

Plaintiff filed this suit on August 25, 2009, alleging that this Court has jurisdiction under Fed. R. Civ. P. 18(a). While his initial complaint stated some federal causes of action (DE #1), this Court dismissed eight of Plaintiff's nine counts, leaving only Plaintiff's FDUTPA claim, which is predicated on Florida statutory law. (DE #14). Upon amendment, Plaintiff now seeks to use his dismissed claim under the Truth In Lending Act as a predicate for violation of FDUTPA. While Plaintiff's First Amended Complaint states that the Court has jurisdiction to hear his claim under Fed. R. Civ. P. 18(a), it contains no allegations as to diversity or actual damages.

---

[2] The Court notes that Plaintiff's First Amended Complaint alleges that his loan was with Defendant Bank of America. For example, in Paragraph 8, Plaintiff alleges that "On or about April 27, 2006, Mr. De La Cabada was approached by Defendant about obtaining credit to purchase a second home ..." (DE #18). The Court notes, however, that Defendant Bank of America did not acquire Countrywide until some time in 2008. Thus, Plaintiff's First Amended Complaint improperly conflates Defendant Bank of America with Countrywide Home Loans, Inc.

[3] Approximately a year later on June 13, 2007, Plaintiff entered into another transaction with Countrywide to obtain financing to purchase homestead property, referred to herein as "Claughton," in Miami, Florida. This loan, however, is not pertinent to Plaintiff's FDUTPA claim.

2

II. Legal Standard for Summary Judgment

Summary judgment is appropriate where the pleadings and supporting materials establish that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). If the record as a whole could not lead a rational fact-finder to find for the nonmoving party, there is no genuine issue of fact for trial. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The moving party bears the burden of pointing to the part of the record that shows the absence of a genuine issue of material fact. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997). Once the moving party establishes the absence of a genuine issue of material fact, the burden shifts to the nonmoving party to go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324; *see also Chanel, Inc. v. Italian Activewear of Fla., Inc.*, 931 F.2d 1472, 1477 (11th Cir. 1991) (holding that the nonmoving party must "come forward with significant, probative evidence demonstrating the existence of a triable issue of fact.").

On a motion for summary judgment, the court must view the evidence and resolve all inferences in the light most favorable to the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, a mere scintilla of evidence in support of the nonmoving party's position is insufficient to defeat a motion for summary judgment. *See id.* at 252. If the evidence offered by the nonmoving party is merely colorable or is not significantly probative, summary judgment is proper. *See id.* at 249–50.

III. Discussion

Upon consideration of the bases for dismissal argued by Defendant, the Court finds that it lacks subject-matter jurisdiction over the above-styled matter. Because there is no subject-matter jurisdiction, the Court will not adjudicate Defendant's other bases for summary judgment.[4]

As noted by Defendant, the only claim remaining before this Court is Plaintiff's FDUTPA claim, which seeks to recover for alleged violations of the Florida statute. Thus, there is no federal question jurisdiction over Plaintiff's claim. If any jurisdiction exists, therefore, it must be founded solely upon diversity jurisdiction. *See* 28 U.S.C. § 1332.

Yet, nowhere in the First Amended Complaint does Plaintiff allege either of the requirements for diversity jurisdiction: 1) amount in controversy; or 2) diversity between the parties. *See generally* (DE #18). Indeed, the First Amended Complaint makes no allegation as to either requirement. Nor, on review of the damages supported by the record, can Plaintiff in fact satisfy the amount-in-controversy requirement. As reasonably calculated by Defendant, the actual damages suffered by Plaintiff are approximately $33,040; an amount far below the $75,000 requirement.

Plaintiff instead incorrectly relies upon a Rule of Civil Procedure to confer jurisdiction. In his First Amended Complaint, Plaintiff cites Fed. R. Civ. P. 18(a) as the basis for jurisdiction. However, Rule 18(a) only permits joinder – it does not and cannot confer jurisdiction. *See Flanagan v. N. Lumber Co.*, 17 F.R.D. 432, 434 (N.D.N.Y. 1954); *see also* Fed. R. Civ. P. (82).

---

[4] The Court provided both parties with an opportunity to further brief the issue of subject-matter jurisdiction. By Order (DE #39) entered January 24, 2011, the Court required both parties to brief, within ten days, the issue of the Court's subject-matter jurisdiction. While Defendant complied (DE #40), Plaintiff did not. Nonetheless, the Court finds that the record is adequately developed to permit the Court to make this determination.

4

Therefore, in the absence of either federal question or diversity jurisdiction, this Court has no subject-matter jurisdiction to adjudicate Plaintiff's claim under Florida law. Without such jurisdiction, the Court cannot pass on the substantives bases for summary judgment raised by Defendant.

IV. Conclusion

Accordingly, it is **ORDERED, ADJUDGED,** and **DECREED** that:

1. Defendant's Motion for Summary Judgment (DE #36) be, and the same is hereby, **GRANTED** for lack of subject-matter jurisdiction. This holding shall not serve as *res judicata* in the event suit is properly filed in another forum outside of federal court.

2. The Clerk shall **DENY** all pending motions.

3. The Clerk shall **CLOSE** this case.

**DONE AND ORDERED** in Chambers, at Miami, Miami-Dade County, Florida, this 8th day of February, 2011.

_____
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

Cc:
**Counsel for Plaintiff**
Paul J. Sardon
Paul J. Sardon
3191 Coral Way
Suite 115
Miami, FL 33145
Email: psardon@sardonlaw.com

**Counsel for Defendant**
James Randolph Liebler
Liebler Gonzalez & Portuondo PA
44 W Flagler Street
25th Floor

Miami, FL 33130-4329
305-379-0400
Fax: 379-9626
Email: jrl@lgplaw.com